**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES W. D'AMICO, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. |
| vs. | )<br>) |
| WASTE MANAGEMENT OF NEW YORK, LLC; and WASTE MANAGEMENT, INC. | )<br>)<br>) |
| Defendants. | |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. Plaintiffs bring this class action against Defendants, Waste Management of New York, LLC and Waste Management of Inc. ("Defendants"). Defendant, Waste Management, Inc. through its subsidiary Waste Management of New York, LLC, operate High Acres Landfill and Recycling Center in Fairport New York (the "landfill" or "Defendant's landfill), which releases noxious odors into Plaintiffs' property causing damages through negligence, gross negligence and nuisance.

**PARTIES**

2. At all times relevant hereto, Plaintiff D'Amico has resided and intended to remain at 39 Hyacinth Lane in the Village of Fairport, County of Monroe, State of New York. Plaintiff is an individual domiciled in New York; therefore, Plaintiff, is a citizen of the State of New York.

3. Defendant, Waste Management, Inc. is a Delaware Corporation with its principle place of business located in Texas.

1

4. Defendant, Waste Management of New York, LLC is New York Limited Liability Company and subsidiary of Defendant, Waste Management, Inc.

5. Defendants, through their agents and predecessors constructed, operate and maintain the municipal waste landfill located at 425 Perinton Pkwy., Village of Fairport, County of Monroe, State of New York. At all relevant times herein there has existed a unity of interest and ownership between Defendants, such that any individuality and separateness between them has ceased, and each such entity is the alter ego of each other entity.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are 100 or more Class Members and the aggregate amount in controversy exceeds Five Million Dollars ($5,000,000.00) exclusive of interest and costs. Additionally, Class Members are citizens of a state different from the corporate domicile of one of the Defendants. Venue is proper in this Court under 28 U.S.C. 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place in this District, and because the property that is the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

7. Defendants operate the landfill on a 1,100 acre site and accept solid waste from residences, businesses and industry.

8. Defendants' landfill has a well documented history of failing to control its odorous emissions, including but not limited to the following:

   a. Numerous complaints have been filed with the New York Department of Conservation ("NY DEC") and the Town of Perinton by residents of the adjacent neighborhood community due to noxious odors attributed to Defendants' landfill; and

    b.      The community Facebook group *"Fresh Air for the Eastside"* includes more than 1,000 resident members detailing complaints of noxious odors emanating from Defendants' landfill.

9.      Defendants' landfill, and specifically its emissions, has been the subject of frequent complaints from residents in the adjacent residential area. As a result, more than 90 households have contacted Plaintiffs' counsel documenting the odors they attribute to the Defendants' landfill.

10.      The Defendants have failed to install and maintain adequate technology to properly control its emissions of noxious odors. Such failures include, but are not limited to the landfill's daily cover, gas collection wells, and the landfills' gas collection system.

## CLASS ALLEGATIONS

11.      Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**A.    Definition of the Class**

12.      Plaintiffs seek to represent a Class of persons preliminarily defined as:

> **All owner/occupants and renters of residential property residing within two and a half (2.5) miles of the Defendant's Landfill.**

The definitional boundary is subject to modification as discovery will disclose the location of all class-members. Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

**B.    Numerosity**

13. The members of the Class are so numerous that joinder of all parties is clearly impracticable. To date, more than 90 households have already contacted Plaintiffs' counsel to document their experiences with odors they attribute to Defendants' landfill. Further, it is Plaintiffs' Counsel's information and belief that there are over three thousand (3,000) households within a 2.5-mile radius that are being impacted.

**C.    Commonality**

14. Numerous common questions of law and fact predominate over any individual questions affecting Class members, including, but not limited to the following:

   a. whether and how Defendants intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to construct, maintain and operate the landfill;

   b. whether Defendants owed any duties to Plaintiffs;

   c. which duties Defendants owed to Plaintiffs;

   d. which steps Defendants has and has not taken in order to control its emissions through the construction, maintenance and operation of its landfill;

   e. whether and to what extent the landfill's emissions were dispersed over the class area;

   f. whether it was reasonably foreseeable that Defendants' failure to properly construct, maintain and operate the landfill would result in an invasion of Plaintiffs' property interests;

   g. whether the degree of harm suffered by Plaintiffs and the class constitutes a substantial annoyance or interference; and

      h.  the proper measure of damages incurred by Plaintiffs and the Class.

**D.**    **Typicality**

15.    Plaintiffs have the same interests in this matter as all the other members of the Class, and their claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

16.    The claims of Plaintiffs and the other Class members have a common cause and their damages are of the same type. The claims originate from the same failure of the Defendants to properly construct, maintain and operate the landfill.

17.    All Class members have suffered injury in fact as a result of the invasion of their properties by noxious odors emitted from Defendants' landfill, causing damage in the form of losses to property values.

**E.**    **Adequacy of Representation**

18.    Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

19.    Plaintiffs have retained the services of counsel who are experienced in complex class action litigation, and in particular class actions stemming from invasions of industrial emissions. Plaintiffs' counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class members.

**F.     Class Treatment Is the Superior Method of Adjudication**

20. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

    a. Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

    b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

    c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

    d. The proposed class action is manageable.

## CAUSE OF ACTION I

### NUISANCE

21. Plaintiffs restate allegations 1 through 20 of this Complaint as if fully rewritten herein.

22. The noxious odors, which entered Plaintiffs' property originated from the landfill constructed, maintained and operated by Defendants.

23. The noxious odors invading Plaintiffs' property are indecent and offensive to the senses, and obstruct the free use of their property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and property.

24. Defendants owed and continues to owe a duty to Plaintiffs to prevent and abate the interference with the invasion of the private interests of the Plaintiffs.

25. By constructing and then failing to reasonably repair and maintain its landfill, Defendants have intentionally and negligently caused an unreasonable invasion of Plaintiffs' interest in the use and enjoyment of their property.

26. As a foreseeable, direct and proximate result of the foregoing conduct of Defendants, Plaintiffs suffered damages to their property as alleged herein.

27. Plaintiffs suffer harm relating to the use and enjoyment of their land and property, and decreased property values.

28. Plaintiffs did not consent to the invasion of their property by noxious odors.

29. By causing noxious odors produced and controlled by Defendants to physically invade Plaintiffs' land and property, Defendants intentionally, recklessly, and negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' use and enjoyment of their property.

30. Whatever social utility Defendants' landfill provides is clearly outweighed by the harm suffered by the Plaintiffs and the putative class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their properties.

31. Defendants' substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a nuisance for which Defendants are liable to Plaintiffs for all damages arising from such nuisance, including compensatory, exemplary, and punitive relief since Defendants' actions were, and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to compensatory and punitive damages.

## CAUSES OF ACTION II AND III

### NEGLIGENCE AND GROSS NEGLIGENCE

32. Plaintiffs restate allegations 1 through 31 of this Complaint as if fully rewritten herein.

33. Defendants negligently and improperly constructed, maintained and operated the landfill such that it has caused the invasion of noxious odors onto Plaintiffs' homes, land, and property on occasions too numerous to mention.

34. As a direct and proximate result of Defendants' negligence and gross negligence in constructing, maintaining and operating the landfill, Plaintiffs' property, on occasions too numerous to mention, has been invaded by noxious odors.

35. As a further direct and proximate result of the foregoing conduct of the Defendants, Plaintiffs suffered damages to their property as alleged herein.

36. The invasion and subsequent damages suffered by Plaintiffs were reasonably foreseeable by the Defendants.

37. By failing to properly construct, maintain and operate its landfill, Defendants failed to exercise the duty of ordinary care and diligence, which it owes to Plaintiffs, so noxious odors would not invade Plaintiffs' property.

38. A properly constructed, operated, and maintained landfill will not emit noxious odors into neighboring residential areas.

39. By failing to construct, maintain and operate its landfill, Defendants have intentionally caused the invasion of Plaintiffs' property by noxious odors.

40. Defendants knowingly breached their duties to exercise ordinary care and diligence when they improperly constructed, maintained and operated the landfill and knew, or should have known upon reasonable inspection that such actions would cause Plaintiffs' property to be invaded by noxious odors.

41. As a direct and proximate result of the failure of Defendants to exercise ordinary care, Plaintiffs' residences were invaded by noxious odors causing and constituting damage to their properties.

42. The conduct of Defendants in knowingly allowing conditions to exist which caused noxious odors to physically invade Plaintiffs' property constitutes gross negligence as it demonstrates a substantial lack of concern for whether an injury resulted to Plaintiffs' property.

43. Defendants' gross negligence was malicious and made with a wanton or reckless disregard for the property of Plaintiffs, which entitles Plaintiffs to an award of compensatory, exemplary, and punitive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A. Certification of the proposed Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C. Judgment in favor of Plaintiffs and the Class members and against Defendant;

D. Award Plaintiffs and the Class members compensatory and punitive damages, and

attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

    E.    Injunctive relief outside of that which is required by Defendant's Federal and State issued Air Permits;

    F.    An Order holding that entrance of the aforementioned noxious odors upon Plaintiffs' property constituted a nuisance; and

    G.    Such further relief as the Court deems just and proper.

Dated: January 26, 2018                      Respectfully Submitted:

*/s/ Jan M. Smolak*
Jan M. Smolak
Bar Number: 301133
MICHAELS & SMOLAK, P.C.
Attorneys for Plaintiff
Office and P.O. Address
17 East Genesee Street, Suite 401
Auburn, New York 13021
(315) 253-3293

*/s/ Steven D. Liddle*
Steven D. Liddle
Nicholas A. Coulson
Brandon T. Brown
LIDDLE & DUBIN, P.C.
*Pro Hac Vice Applications to be Submitted*
Attorneys for Plaintiffs
975 E. Jefferson Avenue
Detroit, MI 48207
Telephone: (313) 392-0015
Facsimile (313) 392-0025
sliddle@ldclassaction.com
ncoulson@ldclassaction.com
bbrown@ldclassaction.com