UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES W. D'AMICO, on behalf of himself
and all others similarly situated,

                                Plaintiff,              DECISION AND ORDER

                          -vs-                            18-CV-6080-EAW-MJP

WASTE MANAGEMENT OF NEW YORK,
LLC,

                              Defendant.
_____

**Pedersen, M.J.** Plaintiff James W. D'Amico filed the operative Second Amended Complaint on behalf of himself and all others similarly situated, alleging negligence, gross negligence and nuisance against Defendant Waste Management of New York, LLC. (Second Am. Compl., Apr 4, 2019, ECF No. 38.)[1] Defendant operates the High Acres Landfill and Recycling Center in Fairport, New York, which Plaintiffs claim emits noxious odors into Plaintiffs' property. *Id.* ¶ 1.

Also pending in the Western District of New York is a case titled *Fresh Air for the Eastside, Inc. v. Waste Management of New York, L.L.C. ("FAFE")*, case number 18-CV-6588, against Waste Management of New York, LLC, in which Plaintiffs claim there are "persistent, noxious, and offensive odors of

---

[1] Plaintiff made a motion seeking leave to file a Third Amended Complaint, which has not yet been decided. *See* ECF 53. In addition, the nuisance and gross negligence claims were disposed of in Defendant's motion to dismiss. *See* ECF 33.

garbage ("the Garbage Odors") and landfill gas ("Landfill Gas Odors," . . .) emanating from two landfills owned by Defendant, one of which is at issue in the present case. *See* ECF 1. The *FAFE* case is not a class action suit. Plaintiffs in the *FAFE* case have asserted technical causes of action not asserted in the present case and have named an additional municipal defendant. (Compl. ¶ 1, 18-CV-6588-EAW-MJP, Aug. 14, 2018, ECF No. 1.)

Presently before the Court is Defendant's motion to consolidate this case and the *FAFE* case pursuant to Federal Rule of Civil Procedure 42 for discovery purposes only. (Def.'s Notice of Mot., Nov. 18, 2019, ECF No. 62.) Defendant argues that consolidating the two cases for discovery purposes will increase efficiency by coordinating discovery in both cases "that will likely include the same type of discovery from the same witnesses," thus avoiding duplicative discovery. (Def.'s Mem. of Law at 1–2, ECF No. 62-1.) Defendant further asserts that neither party will suffer prejudice if this request is granted because neither case would be significantly delayed with the imposition of a formal coordinated scheduling order. (*Id.* at 2.)

Plaintiff opposes consolidation largely on the grounds that he believes it would provide Defendant with the ability to delay this case based upon the discovery needs in the *FAFE* case. (Pl.'s Response at 1, Dec. 2, 2019, ECF No. 66.) Of notable importance is that this matter involves the certification of a class. Plaintiff has indicated that it will need to conduct discovery prior to seeking class certification. (*Id.* at 3.) Plaintiff has also indicated that if class

2

certification is denied additional plaintiffs may come forward and that if it is granted, Defendant will seek to amend its proposal. (*Id.* at 3.) In addition, Plaintiff asserts that factual and legal differences between the two cases renders consolidation improper. (*Id.* at 3.) Plaintiff contends that informal coordination regarding discovery would better serve the parties and indicates that Plaintiff "has already consented to cross-noticing depositions and will work with counsel for Defendant in order to reduce litigation burdens wherever possible." (*Id.* at 3.)

Rule 42(a) of the Federal Rules of Civil Procedures provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Courts have broad discretion when determining whether consolidation is appropriate. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990); *Solvent Chemical Co. ICC Industries, Inc. v. E.I. Dupont De Nemours & Co.*, 242 F.Supp.2d 196, 221 (W.D.N.Y. 2002). "In exercising its discretion, the trial court must weigh the efficiency gains against the risk of prejudice to the parties and possible confusion of the issues." *Velazquez v. Suffolk Cty.*, No. 18-CV-5115(JS)(ARL), 2019 WL 2124859 at *4 (E.D.N.Y. May 15, 2019) (*citing Johnson*, 889 F.2d at 1285).

The Court finds that consolidating the two cases risks prejudicing Plaintiffs in the *FAFE* case due to the likelihood of significant delay involving the class certification issue in this action. The Court further finds that consolidation is not warranted given the variance in legal facts and issues in the two actions. Further, consolidation for discovery purposes is not in the interests of judicial convenience and economy given that the two cases will likely diverge for discovery purposes until the class certification issue is decided, leaving the burden on the Court to continuously attempt to maintain a coordinated discovery schedule. The Court agrees with Plaintiff that informal consolidation for the purposes of discovery, to the extent possible, is the preferred route.

For the reasons set forth above, the Court denies Defendant's motion to consolidate the present case with the *FAFE* case for the purposes of discovery ([ECF No. 62](#)), without prejudice.

SO ORDERED.

DATED: December 5, 2019
           Rochester, New York

                                    /s/ Mark W. Pedersen
                                    MARK W. PEDERSEN
                                    United States Magistrate Judge