UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



JAMES W. D'AMICO, on behalf of himself
and all others similarly situated,

                  Plaintiff,         DECISION AND ORDER

            -vs-                      18-CV-6080-EAW-MJP

WASTE MANAGEMENT OF NEW YORK,
LLC,

                  Defendant.

**Pedersen, M.J.** Plaintiff James W. D'Amico filed the operative Second Amended Complaint on behalf of himself and all others similarly situated, alleging negligence, gross negligence and nuisance against Defendant Waste Management of New York, LLC. (Second Am. Compl., Apr 4, 2019, ECF No. 38.)[1] Defendant operates the High Acres Landfill and Recycling Center in Fairport, New York, which Plaintiff claims emits noxious odors into Plaintiff's property (*Id.* ¶ 1).

Also pending in the Western District of New York is a case titled *Fresh Air for the Eastside, Inc. v. Waste Management of New York, L.L.C.* ("FAFE"), case number 18-CV-6588, against Waste Management of New York, LLC, in which Plaintiffs claim there are "persistent, noxious, and offensive odors of

---

[1] Plaintiff made a motion seeking leave to file a Third Amended Complaint, which has not yet been decided. (ECF No. 53.) In addition, the nuisance and gross negligence claims were disposed of in Defendant's motion to dismiss. (ECF No. 33.)

garbage ('the Garbage Odors') and landfill gas ('Landfill Gas Odors . . .')" emanating from two landfills owned by Defendant, one of which is at issue in the present case. (Am. Compl. ¶ 1, 18-CV-6588-EAW-MJP, December 7, 2018, ECF No. 15.)[2] The *FAFE* case is not a class action suit. Plaintiffs in the *FAFE* case have asserted eight causes of action, some of which are quite technical and have not been asserted in the present case. (*Id.* at ¶¶ 10, 322-412.) Finally, Plaintiffs in the *FAFE* case have named an additional municipal defendant. (*Id.* at ¶ 14.)

Presently before the Court is Defendant's motion to consolidate this case and the *FAFE* case pursuant to Federal Rule of Civil Procedure 42 for discovery purposes only. (Def.'s Notice of Mot., Nov. 18, 2019, ECF No. 62.)[3] Defendant argues that consolidating the two cases for discovery purposes will increase efficiency by coordinating discovery "that will likely include the same type of discovery from the same witnesses," thus avoiding duplicative discovery. (Def.'s Mem. of Law at 1-2, ECF No. 62-1.) Defendant further asserts that neither party will suffer prejudice if this request is granted because neither case would be significantly delayed with the imposition of a formal coordinated scheduling order. (*Id.* at 2.) Finally, Defendant argues that if consolidation is

---

[2] Two of Plaintiffs' claims, for private nuisance and trespass, were dismissed (ECF No. 44.) as a result of Defendant Waste Management of New York, L.L.C.'s motion to dismiss Plaintiffs' Amended Complaint in its entirety (ECF No. 15.)

[3] Defendant filed a similar motion in the *FAFE* case (18-CV-6588-EAW-MJP, ECF No. 60.)

2

not granted, there is the risk of duplicative discovery, which could result in delays in both cases. (*Id.*)

Plaintiff opposes consolidation largely on the grounds that he believes it would provide Defendant with the ability to delay this case based upon the discovery needs in the *FAFE* case. (Pl.'s Response at 1, Dec. 2, 2019, ECF No. 66.) Of notable importance is that this matter involves the certification of a class. Plaintiff asserts that Defendant has indicated a need to depose numerous Plaintiffs in the *FAFE* case prior to the determination of the class certification issue (*Id.* at 3.) Plaintiff has also indicated that if class certification is denied additional plaintiffs may come forward and that if it is granted, Defendant will seek to amend its proposal. (*Id.* at 3.) In addition, Plaintiff asserts that factual and legal differences between the two cases renders consolidation improper. (*Id.* at 3.) Plaintiff contends that informal coordination regarding discovery would better serve the parties and indicates that Plaintiff "has already consented to cross-noticing depositions and will work with counsel for Defendant in order to reduce litigation burdens wherever possible." (*Id.* at 3.)

Defendant asserts in its reply that the two cases should be consolidated for factual discovery and that the "class certification phase in *D'Amico* can serve as the fork in the road for the two cases to potentially go their separate ways." (Def.'s Reply Mem. of Law at 1, Dec. 9, 2019, ECF No. 72.) Defendant further asserts that, as it stands, the scheduling order (ECF No. 69) renders the notion of informal discovery an "empty gesture." (*Id.* at 2.) Defendant

requests that if the Court determines that informal discovery is appropriate that the scheduling order be amended to extend the deadline for completion of factual discovery related to class certification to August 3, 2020. (*Id.* at 1.) However, Defendant continues to argue that formal consolidation is the preferred path for factual discovery as it will avoid duplication of discovery efforts for the parties, non-parties and the Court (*Id.* at 6.) Defendant also asserts that neither Plaintiff D'Amico nor the *FAFE* Plaintiffs will suffer prejudice (*Id.* at 10.) According to Defendant, Plaintiff has articulated that he will suffer prejudice because he will not be able to reach class certification briefing quickly and Defendant will be able to delay each case as it sees fit (*Id.* at 12-13.) Defendant contends that the reasons articulated by Plaintiff D'Amico as to why he would suffer prejudice are meritless (*Id.* at 12-13.) Defendant reiterates that both cases share a common question of fact or law because both concern negligence claims and that identity of parties is not necessary for consolidation (*Id.* at 13-15.)

Rule 42(a) of the Federal Rules of Civil Procedures provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Courts have broad discretion when determining whether consolidation is appropriate. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990); *Solvent Chemical Co.*

*ICC Industries, Inc. v. E.I. Dupont De Nemours & Co.*, 242 F.Supp.2d 196, 221 (W.D.N.Y. 2002). "In exercising its discretion, the trial court must weigh the efficiency gains against the risk of prejudice to the parties and possible confusion of the issues." *Velazquez v. Suffolk Cty.*, No. 18-CV-5115(JS)(ARL), 2019 WL 2124859 at *4 (E.D.N.Y. May 15, 2019) (*citing Johnson*, 889 F.2d at 1285). The moving party bears the burden on a motion to consolidate. *Id.* at 222 (*citations omitted*).

The Court finds that formal consolidation risks prejudicing Plaintiffs in the *FAFE* case due to the likelihood of significant delay involving the class certification issue in this action.[4] The Court shares Plaintiff's concern that if the cases were formally consolidated, Defendant would have the ability to delay either case to meet its needs. In addition, the cases are not in the same procedural position given that Plaintiff has a pending motion to amend his Complaint for the third time, which could alter the claims he asserts and thus the discovery he will need to conduct. (ECF No. 53.) The *FAFE* Plaintiffs on the other hand are ready to proceed to the discovery stage. Accordingly, consolidation is not warranted. *See Environ Corp. v. Clestra Cleanroom, Inc.*,

---

[4] While Defendant argues that the *FAFE* Plaintiffs will suffer "zero prejudice" if the cases were united for fact discovery purposes (Def. Reply at 1, ECF No. 72.), it does not address Plaintiff's argument that Defendant has intimated that it intends to take the depositions of numerous *FAFE* Plaintiffs as part of the factual discovery related to class certification in this matter, such that it is foreseeable that the *FAFE* litigation will be delayed.

5:98CV120(HGM), 2002 WL 31115664, at *3 (N.D.N.Y. Sept. 24, 2002) (denying motion to consolidate where cases were at different stages in the litigation and consolidating "would create unnecessary delay that would not outweigh the interests of judicial convenience.").

The Court further finds that formal consolidation is not warranted given the variance in legal facts and issues in the two actions, despite the fact that there may be an overlapping legal claim and factual allegations. *See European Community v. RJR Nabisco, Inc.*, 150 F.Supp.2d 456, 461 (E.D.N.Y. 2001) (cases deconsolidated despite sharing common legal and factual issues where consolidation would delay resolution of matters.). The Court is not persuaded by Defendant's reliance on *Ocean Ships, Inc. v. Stiles*, No. 00 CIV. 5469 (RCC), 2003 WL 22741457 (S.D.N.Y. Nov. 19, 2003) given that in the *Ocean Ships, Inc.* case a plaintiff sought to consolidate two cases, each with one defendant. Here Defendant seeks to consolidate this matter with a case that has literally hundreds of Plaintiffs rendering formal consolidation inappropriate.

Further, formal consolidation for discovery purposes is not in the interests of judicial convenience and economy given that the two cases will likely diverge for discovery purposes until the class certification issue is decided. As Plaintiff pointed out in the Joint Proposed Discovery Plan, discovery in this case will largely be focused on class certification issues while discovery in the *FAFE* case will address the merits (ECF No. 59 at 4.) In other words, the discovery being sought in each case at this initial stage will, in all

likelihood, be varying. This places a large burden on the Court to try to fit both cases into the same mold for purposes of discovery.

The Court finds that informal consolidation of the two cases for fact discovery related to class certification is the appropriate route in this case.[5] However, the Court agrees with Defendant that for informal consolidation to be beneficial, the discovery deadline in this case should be extended. Accordingly, the Court will amend the current scheduling order to extend the deadline for factual discovery on class certification.[6]

For the reasons set forth above, the Court **DENIES** Defendant's motion to consolidate the present case with the *FAFE* case for the purposes of discovery (ECF No. 62.), without prejudice.

IT IS SO ORDERED.

DATED:    December 14, 2019
          Rochester, New York

                                    _____
                                    MARK W. PEDERSEN
                                    United States Magistrate Judge

---

[5] Defendant does not dispute that all parties in both cases agree to conduct consolidated informal factual discovery (Def.'s Reply at 1, ECF No. 72.)

[6] The Court will also amend any subsequent dates impacted by this extension.