IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES W. D'AMICO on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WASTE MANAGEMENT OF NEW YORK, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 6:18-cv-06080-EAW<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF JAMES W. D'AMICO'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff James W. D'Amico, on behalf of himself and all others similarly situated, respectfully moves this Court for entry of an order: (1) preliminarily approving the Settlement Agreement (attached as **Exhibit 1**); (2) directing notice to the Settlement Class; (3) setting a final fairness hearing for approval of the Class Settlement; and (4) appointing settlement Class Counsel and Class Representative. In support of this motion, Plaintiff states as follows:

1. This action was filed on January 26, 2018. Plaintiff brought claims of nuisance, negligence, and gross negligence, alleging that Defendant's ownership and operation of a landfill near Plaintiff's home had caused odor impacts to his home and the homes of his neighbors. ECF No. 1.

2. Defendant filed two motions to dismiss (ECF No. 13; 39), each of which was granted in part and denied in part. ECF No. 33; 49. In summary, the Court denied Defendant's efforts to dismiss Plaintiff's claims on the basis of judicial abstention doctrines, and for failure to state a negligence claim, but twice dismissed Plaintiff's public nuisance claims without prejudice. *Id.* Plaintiff has sought leave to file a Third Amended Complaint providing greater factual support

1

for his public nuisance claim. ECF No. 53. The Court did not rule on that motion before the mediator notified the Court that the parties had reached an agreement in principle on the primary settlement terms. (See ECF No. 76).

3. In an effort to avoid the cost, risk, and expense of further litigation, the parties engaged in lengthy settlement discussions to determine whether a resolution of the case could be reached prior to a hearing on Plaintiff's Motion for Class Certification. This included participation in a full day of mediation with a third party neutral mediator.

4. Based upon their investigation, and evaluation of the facts and law relating to the matters alleged in the action, Plaintiff, Class Counsel and the Settlement Class have agreed to settle the Lawsuit, pursuant to the terms of the Settlement Agreement.

5. The terms of the proposed settlement are fully set forth in the Settlement Agreement, and include $1,300,000 in direct monetary relief (to be allocated *pro rata* pursuant to the procedures outlines in the Settlement Agreement) and $1,000,000 worth of improvement measures at Defendants' facility, designed to reduce the potential for odor emissions.

6. Parties have agreed to a settlement class consisting of the following:

> all owner/occupants, tenants, renters or lessees of residential property within the Class Area during the time period of January 26, 2015 through the Effective Date (the "Class Period").

The Settlement Agreement provides that "Class Area" shall mean the area within an approximately 2.5 mile radius from the center of the Landfill located at 425 Perinton Parkway, Fairport, New York 14450, and as specifically delineated in the Class Area Map, attached as Exhibit A to the Settlement Agreement. "Effective Date" means the date on which this settlement becomes binding

as to all parties, which shall be the date on which the Final Judgment and Order approving the settlement becomes Final.[1]

7. As part of the Proposed Settlement Agreement, the parties have agreed to appoint Steven Liddle and Nicholas Coulson of Liddle & Dubin, P.C. and Jan Smolak of Michaels & Smolak as Class Counsel and appoint Plaintiff as the Class Representative.

8. The proposed settlement was achieved in good faith and without an undue influence. Each side has zealously represented its interests.

9. The proposed settlement was achieved by counsel experienced in similar litigation.

10. To effectuate the Settlement, the parties request that the Court enter an Order which:

    a. Appoints of Steven Liddle, Nicholas Coulson, and Jan Smolak as Class Counsel for the putative Settlement Class;

    b. Appoints Plaintiff as the Class Representative;

    c. Approves the Notices, attached as Exhibit B and Exhibit C to the Declaration of Nicholas A. Coulson, as in compliance with Federal Rule 23(e) and approval of the manner of notice as first class mail and publication;

    d. Approves the Claim Form, attached as Exhibit D to the Declaration of Nicholas A. Coulson, which will be submitted with the Notice via first class mail to the Class;

---

[1] "Final," in turn, is defined as "the later of the following dates: i. the date of expiration of the time for filing or noticing of any appeal from the Final Judgment and Order, that is, thirty days after the entry of the Final Judgment and Order computed in accordance with Federal Rule of Civil Procedure 6(a); ii. the date of final affirmance of any appeal, the date of expiration of the time for filing petitions for writs of certiorari and, if certiorari is granted, the date of final affirmance following review pursuant to that grant; or iii. the final dismissal of any appeal or proceeding on certiorari." (Settlement Agreement ¶ 2(j)).

  e. Determines that the Settlement Agreement will likely be approved as fair, reasonable, and adequate and the Settlement Class will likely be certified;

  f. Schedules a Final Fairness Hearing to hear any objections from Plaintiff Class members and to consider final approval of the proposed settlement.

11. A proposed order is attached as **Exhibit C** to the Settlement Agreement.

WHEREFORE Plaintiff, on behalf of himself and the proposed Plaintiff Class, respectfully requests that the Court grant this Motion for Preliminary Approval of Class Action Settlement.

Dated: July 14, 2020          Respectfully submitted,

                /s/ Nicholas A. Coulson
                Steven D. Liddle
                Nicholas A. Coulson
                LIDDLE & DUBIN, P.C.
                975 E. Jefferson Ave
                Detroit, MI 48207
                Telephone: (313) 392-0015
                Facsimile: (313) 392-0025
                sliddle@ldclassaction.com
                ncoulson@ldclassaction.com

                Jan M. Smolak
                MICHAELS & SMOLAK, P.C.
                Office and P.O. Address
                17 East Genessee Street, Suite 401
                Auburn, New York 13021
                (315) 253-3292
                smolak@michaels-smolak.com

                Attorneys for Plaintiff and the Putative Class

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2020, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF System, which will transmit a copy to all counsel of record in this action.

s/ Nicholas A. Coulson
Attorney for Plaintiff and the Putative Class
