**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JAMES W. D'AMICO, on behalf of himself and all others similarly situated, | ) )  | Case No. 6:18-cv-06080-EAW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASTE MANAGEMENT OF NEW YORK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**SETTLEMENT AGREEMENT**

This Settlement Agreement is made and entered into this 25 day of June, 2020, by and between Waste Management of New York, LLC ("Waste Management"), on the one hand, and Plaintiff James W. D'Amico and each member of the proposed class as defined below, on the other hand, subject to and conditioned on preliminary and final approval by the United States District Court for the Western District of New York.

WHEREAS:

A.      The Definitions appearing in Section 2 and other terms defined in this Settlement Agreement are incorporated by reference in these introductory sections.

B.      Waste Management owns and operates a landfill located at 425 Perinton Parkway, Fairport, New York 14450, known as High Acres Landfill ("Landfill").

C.      Named Plaintiff alleges that he and the Class Members have suffered damages as a result of the Landfill's operations.

D.      Named Plaintiff, on behalf of himself and the putative Class Members, have filed this class-action against Waste Management.

E.      Waste Management vigorously denies all allegations of wrongdoing or liability made in the Litigation.  Waste Management considers it desirable, however, to enter into this Settlement Agreement without in any way acknowledging any fault or liability, and solely for the purpose of terminating this Litigation to avoid the cost, expense, inconvenience, uncertainty, distraction, time, and effort required to continue to defend such complex, burdensome, and protracted litigation, and to permit the continued operation of its affairs unfettered by the tangible and intangible expense of the Litigation and the distraction and diversions of itself and of its key personnel.

F.      This Settlement Agreement and all related documents are not and shall not be construed as an admission or concession by Waste Management of any fault or liability or wrongdoing, or of any deficiencies, faults, errors or omissions of any nature whatsoever of or by Waste Management, and shall not be offered as evidence of any such liability or wrongdoing in this or any future proceeding.  Moreover, this Settlement Agreement and all related documents are not and shall not be construed to be an admission or concession by any Waste Management Releasee of acquiescence to class certification in any case other than this case's settlement class for settlement purposes only.  The Parties agree that the facts and circumstances of this case are unique, and as such, the Parties agree that this Settlement Agreement, settlement, and acquiescence to a settlement class on the part of the Waste Management Releasees are for settlement purposes only, and will apply only to the facts and circumstances of this case and should not be considered in any other case or set of facts.

G.      Class Counsel are familiar with the claims being settled and the defenses asserted. Class Counsel have conducted a thorough investigation relating to the claims and underlying

events and transactions alleged in the Complaint, Amended Complaint, Second Amended Complaint, and proposed Third Amended Complaint.

H.      Class Counsel believe that the Litigation has substantial merit.  However, Class Counsel recognize and acknowledge that the expense and length of continued proceedings necessary to prosecute the Litigation against Waste Management through trial and appeals may be a costly, time-consuming undertaking.  Class Counsel also have taken into account the uncertain outcome of any future class certification motion and the risk of further litigation, especially in a complex suit such as this action, as well as the difficulties and delays inherent in such litigation.  Class Counsel have also taken into account, among other things, the strengths and uncertainties of the claims asserted in the Litigation and the substantial benefits to be conferred on the Class by the settlement set forth in this Settlement Agreement.  Class Counsel, therefore, have determined that the settlement set forth in this Settlement Agreement is in the best interests of the Class.

I.      Counsel for the Parties have engaged in intensive, arms-length negotiations through the court-specified mediation process with a court-approved mediator concerning the settlement of Plaintiff's claims against Waste Management.  The Parties ultimately reached a settlement through the mediator's use of a "mediator's proposal."

J.      This Settlement Agreement and related documents are not and shall not be construed as an admission or a concession by the Plaintiff with regard to the merits of his claims whatsoever.

K.      It is the intention of the Parties that the proposed settlement described in this Settlement Agreement completely resolves, releases, and forever discharges all Released Claims, as defined in Section 2.u.

3

L.      Waste Management has agreed to settle the Litigation as part of a complete

settlement and a release of all Released Claims, as defined in Section 2.u.

NOW THEREFORE, intending to be legally bound hereby, and in consideration of the

promises, mutual covenants and conditions contained herein, IT IS STIPULATED,

CONSENTED TO AND AGREED as follows, by and among the Parties, through the

undersigned attorneys on behalf of their respective clients and the Settlement Class, for purposes

of the settlement only and subject to the approval of the Court under Federal Rule of Civil

Procedure 23(e):

1.      <u>Settlement</u>

The Litigation and all Released Claims for which a release is being given pursuant to

Section 8 shall be finally and fully settled, compromised and dismissed on the merits, with

prejudice and without costs (except as set forth herein), subject to the approval of the Court, in

the manner and upon the terms and conditions stated in this Settlement Agreement.  Neither the

settlement nor this Settlement Agreement shall constitute or be an admission for any purpose by

Waste Management or any other person, or be deemed evidence of any violation of any statutes,

regulation, permit condition, or law, or an admission of any wrongdoing or liability by Waste

Management.  Moreover, neither this settlement nor this Settlement Agreement shall constitute

or be an admission for any purpose by Waste Management or any other person of acquiescence

to class certification in any case other than this Litigation's settlement class for settlement

purposes only.  The Parties agree that the facts and circumstances of this case are unique, and as

such, the Parties agree that this Settlement Agreement, Settlement, and acquiescence to a

settlement class on the part of the Waste Management Releasees are for settlement purposes

only, and shall apply only to the facts and circumstances of this case and should not be considered in any other case or set of facts.

2.   Definitions

As used herein, the following terms shall have the meanings stated in this Section:

a.   "Administration of Settlement" or "Settlement Administration" means provision of the required Notice, receiving, assisting, and maintaining claims and proofs of claims, calculating and verifying claims, and overseeing the distribution of the Settlement Fund.

b.   "Class" and "Class Members" shall mean and include all owner/occupants, tenants, renters or lessees of residential property within the Class Area during the time period of January 26, 2015 through the Effective Date (the "Class Period").

c.   "Class Action" shall mean the lawsuit captioned *D'Amico v. Waste Management of New York, LLC*, Case No. 6:18cv6080 (W.D.N.Y.).

d.   "Class Area" shall mean the area within an approximately 2.5 mile radius from the center of the Landfill located at 425 Perinton Parkway, Fairport, New York 14450, and as specifically delineated in the Class Area Map, attached as Exhibit A.

e.   "Class Counsel" shall mean Steven Liddle, Esq., Nicholas Coulson, Esq., Jan Smolak, Esq., and all law firms in which any of them were a partner, shareholder, associate, counsel, or otherwise associated during the term of their representation of the Plaintiff.

f.   "Class Period" shall mean the period of time between and including January 26, 2015 and the Effective Date.

g.   "Court" shall mean the United States District Court for the Western District of New York.

h.   "Defendant" or "Waste Management" shall mean Waste Management of New York, LLC, named as Defendant in this litigation.

i.   "Effective Date" means the date on which this settlement becomes binding as to all parties, which shall be the date on which the Final Judgment and Order approving the settlement becomes Final.

j.   "Final" means the later of the following dates:

i.   the date of expiration of the time for filing or noticing of any appeal from the Final Judgment and Order, that is, thirty days after the entry of the Final Judgment and Order computed in accordance with Federal Rule of Civil Procedure 6(a);

ii.   the date of final affirmance of any appeal, the date of expiration of the time for filing petitions for writs of certiorari and, if certiorari is granted, the date of final affirmance following review pursuant to that grant; or

iii.   the final dismissal of any appeal or proceeding on certiorari.

k.   "Final Judgment and Order" means an order and judgment of the Court substantially in the form attached as Exhibit B (or a modified version of that exhibit acceptable to all Parties) concerning, among other things, the certification of the Class for settlement purposes only, the notice program to the

Class, the approval of the settlement, and the terms and process for the submission of proofs of claim and the disbursement of the Settlement Fund.

l.   "Household(s)" shall mean all persons simultaneously living in any particular occupied parcel(s) of residential real property within the Class Area at any point during the Class Period.

m.   "Landfill" shall mean the High Acres Landfill, located at 425 Perinton Parkway, Fairport, New York 14450.

n.    "Litigation" shall mean the Class Action.

o.    "Named Class Representative" shall mean and include Plaintiff James D'Amico.

p.   "Notice" shall mean the Notice of Pendency of Class Action, Conditional Class Determination, and Proposed Settlement of Class Action and Settlement Hearing, the form and content of which shall be jointly approved by the Parties and submitted to the Court for approval as an exhibit to the Plaintiff's forthcoming motion for an Order on Notice and Preliminary Approval.

q.   "Order on Notice and Preliminary Approval" means an order of the Court, substantially in the form attached as Exhibit C.

r.   "Parties" shall mean Plaintiff James D'Amico, all Class Members, and Waste Management.

s.   "Plaintiff" shall mean and include each and every Class Members and Named Class Representative.

t.   "Preliminary Approval Date" shall mean the date upon which the Court enters the Order on Notice and Preliminary Approval.

7

u.  "Released Claims" shall mean all causes of action, suits, and actions, whether based on any federal law, state law, common law, or foreign law, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued, which the Settlement Class Members ever had, now have, can have, or shall or may hereafter have, concerning the High Acres Landfill & Recycling Center either individually or as a member of a class against the Released Parties, for, based upon, by reason of, or arising from the conduct alleged in Plaintiff's Complaint, Amended Complaint, Second Amended Complaint, or Proposed Third Amended Complaint filed in this Action, except for any claims expressly reserved herein.

v.  "Settlement Agreement" means this Settlement Agreement made and entered by the Parties in the Litigation and all exhibits attached to it.

w.  "Settlement Fund" means that payment made by Waste Management to Class Counsel in accord with Section 5 of this Settlement Agreement plus any accrued interest.

x.  "Settlement Hearing" or "Settlement Fairness Hearing" means a hearing pursuant to Federal Rule of Civil Procedure 23 scheduled to determine, among other things, whether the settlement of the Litigation is fair, reasonable and adequate, and to consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses for prosecuting the Litigation and the plan for distributing the Settlement Fund.

y.  "Total Settlement Value" means the settlement package described herein, which consists of payment of $1.3 million in cash and additional Waste Management

agreements to: (1) install and operate additional landfill gas collection and control devices, mass dewatering pumps, and an additional water- and vapor-based odor control misting system, and (2) procure and deploy synthetic alternate daily cover systems, at a cost of approximately $1 million.

z.  "Cooling-Off Period Termination Date" shall mean the last day of a time period of thirty (30) months from the Effective Date during which no Settlement Class Member may bring any action or claim concerning pollutants, air contaminants, and noxious or nuisance odors from the Landfill for any reason against the Waste Management Releasees, though claims may accrue during that time.

aa. "Waste Management Releasees" shall mean and include Waste Management; Waste Management, Inc.; Waste Management's members, parents, subsidiaries, and affiliated corporations/companies and other business entities; and all of their former and present employees, contractors, officers, directors, shareholders, members, partners, insurers, accountants, agents, insurers, attorneys, representatives, and each of their heirs, executors, administrators, beneficiaries, predecessors, successors, assigns, and each of them.

3.  <u>Submission of Settlement to the Court</u>

a.  As soon as practicable following the execution of this Settlement Agreement, Plaintiff shall move the Court for entry of the Order on Notice and Preliminary Approval, in a form to be agreed upon by counsel for the Parties.

b.  Within ten (10) days of the date the Named Class Representative move for entry of the Order on Notice and Preliminary Approval and consistent with 28 U.S.C. § 1715, Waste Management shall cause notice to be sent to the U.S. Attorney

General's office, the Attorney General for the State of New York, and the New York Department of Environmental Conservation.  At least seven (7) days before the Settlement Fairness Hearing, Waste Management shall submit a report to the Court confirming that these notices were timely sent.

c. If the Court preliminarily approves this settlement, Notice shall be given to the Class in a form and manner jointly approved by the Parties, in accordance with the Notice specifications approved by the Court in its Order on Notice and Preliminary Approval.

d. The Parties shall jointly request that the Court enter a Final Judgment and Order, substantially in the form attached as Exhibit B.

e. The Settlement Fairness Hearing shall be held to decide whether the settlement embodied in this Settlement Agreement shall be finally approved as fair, reasonable, and adequate and whether the terms and conditions shall be approved.  The Parties shall jointly apply to the Court for approval of the settlement and shall each file such papers with the Court as their counsel or the Court determines to be necessary.  At or before the Settlement Fairness Hearing, proof of mailing of the Notice shall be filed by Class Counsel.

f. Class Counsel may apply to the Court for an award of attorneys' fees and reimbursement of costs and expenses in an amount not to exceed $600,000, inclusive of any and all fees, costs, and Settlement Administration and Notice fees (all of which will be borne by Class Counsel).  This total of $600,000 is a cap, and the maximum amount Class Counsel may seek from the Court for any purpose.  Waste Management agrees to take no position concerning Class

10

Counsel's application up to such amount, but may respond to inquiries from the Court.  Plaintiff and Class Counsel agree not to appeal any award.  Any such award and reimbursement shall be paid exclusively from the Settlement Fund.

g.  In the event that the Order approving the fees, costs, and expense award to Class Counsel is reversed or modified on appeal and in the event the fees, costs, and expense award has been paid from the Settlement Fund, then Class Counsel shall deposit the fees, costs, and expenses into the Settlement Fund with interest consistent with the reversal or modification.  It is agreed that the procedure for and the allowance or disallowance by the Court of any applications for attorneys' fees, costs, expenses and interest, including the fees of experts and consultants, are not consideration for this Settlement Agreement, and any order or proceeding relating only thereto shall not operate to terminate, cancel, or affect the finality or effect of this Settlement Agreement.

h.  All matters relating to the Administration of Settlement, including but not limited to payment to Class Counsel of their fees, costs and expenses, plus interest and disbursement to the Class of the Settlement Fund, shall proceed in accordance with this Settlement Agreement, as approved by orders of the Court.

i.  If the Court does not enter the judgments and orders provided for above, or if the Court enters such judgments and orders and appellate review of any of the judgments or orders is sought, and on such review, any such judgment or order is modified, then this Settlement Agreement shall be canceled and terminated, subject to the provisions of this Settlement Agreement, unless each Party within thirty (30) days of the date of the mailing of such ruling to the Parties, provides

11

written notice to all other Parties of its intent to proceed with the settlement.
Notice of intent to proceed with the settlement may be provided on behalf of the
Class by Class Counsel and notice of intent to proceed with the settlement may
be provided by Waste Management to Class Counsel.

j.   The obligations to proceed with the settlement are expressly conditioned on:

    i.   the Court's preliminary approval of this Settlement Agreement;

    ii.   the Court's entry of the Final Judgment and Order overruling any
objections;

    iii.   Final exhaustion of rights of appeal as to such Final Judgment and
Order; and

    iv.   less than twenty-five (25) households within the Class Area opting out
of the settlement, unless Waste Management elects to waive this
condition.

      If any of these conditions fails, and if Waste Management at its
discretion elects not to proceed with the settlement, the Parties shall
return to litigation as if no conditional settlement had ever existed.

k.   If the settlement does not occur for any reason, this Settlement Agreement shall
be of no force and effect and shall be void.  Moreover, if the settlement does not
occur for any reason, Waste Management retains all of its rights to oppose class
certification on any and all grounds (including but not limited to Rule 23(a) and
(b)(3)(A)-(C)).

l.   Neither the settlement nor this Settlement Agreement shall constitute or be an
admission for any purpose by Waste Management or any other person, or be

deemed evidence of any violation of any statute, regulation, permit condition, or law, or an admission of any wrongdoing or liability by Waste Management.  In addition, neither the settlement nor this Settlement Agreement shall constitute or be an admission or concession by Waste Management of acquiescence to class certification in any case other than this Litigation's settlement class for settlement purposes only.  The Parties agree that the facts and circumstances of this case are unique, and as such, the Parties agree that this Settlement Agreement, settlement, and acquiescence to a settlement class on the part of the Waste Management Releasees are for settlement purposes only, and will apply only to the facts and circumstances of this case and should not be considered in any other case or set of facts.

4.    Class Certification

a.  Plaintiff shall move the Court for an order certifying the Settlement Class for settlement purposes only pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) (A)-(C) in conjunction with a request for the Court to approve this settlement.

b.  Solely for the purposes of this settlement, Waste Management will not object to the Court's certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b) (3) (A)-(C).

c.  Solely for the purposes of this settlement, Waste Management consents to the appointment of the Named Class Representative and Class Counsel as proper and appropriate representatives of the Settlement Class.

13

    d.  Waste Management expressly denies that this case meets the manageability requirements under Federal Rules of Civil Procedure 23(b) (3) (D).  Moreover, the Parties are aware that the Court in its review of the Settlement Agreement need not evaluate manageability, pursuant to *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1977).

    e.  Subject to Court approval under Rule 23(e) of the Federal Rules of Civil Procedure, payment and other consideration paid or provided by Waste Management in accordance with this Settlement Agreement shall constitute the full and final settlement of the Litigation, and upon the Effective Date, Waste Management and the Waste Management Releasees shall have no further liability or obligation to any Class Member except as specifically set forth in this Settlement Agreement or in the Final Judgment and Order.

    f.  Waste Management expressly reserves the right to oppose class certification on any and all grounds (including but not limited to Rule 23(a) and (b)(3)(A)-(C)), if this settlement is not finally approved by the Court is reversed on appeal, including for the reasons set out above in Section 3 subparts (i)-(k).

5.    <u>Settlement Payment</u>

    a.  Within ten (10) business days of the Effective Date, Waste Management agrees to pay Liddle & Dubin, P.C., a total of One Million Three Hundred Thousand Dollars ($1,300,000) by check or wire transfer into a Qualified Settlement Fund account to be established by Class Counsel under the Internal Revenue Code. *See* 26 C.F.R. 1.468B-1.

b.  Class counsel shall seek reimbursement from the Settlement Fund of attorneys'
fees and out-of-pocket costs as approved by the Court.  Such reimbursement
shall not exceed $600,000, inclusive of any and all fees, costs, and Settlement
Administration and Notice fees (all of which will be borne by Class Counsel).
This total of $600,000 is a cap, and the maximum amount Class Counsel may
seek from the Court for any purpose.  All such payments to Class Counsel shall
be made exclusively from the Settlement Fund

c.  Subject to the Court's approval, a one-time lump sum payment or incentive
award of no more than $5,000 shall be paid to the Named Class Representative
from the Settlement Fund for his efforts on behalf of the Class, in addition to
any distribution or payment that he may receive by virtue of his status as one of
the Settlement Class Members.

d.  The proposed plan of allocation is that the remainder of the Settlement Fund
shall be divided equally on a per-Household basis among all Settlement Class
Members who timely submit settlement claim forms that are approved by Class
Counsel as further explained in Section 6.

e.  Subject to the approval of the Court, no payment from the Settlement Fund to
Class Counsel, the Named Class Representative, or any Settlement Class
Members shall be made until the Effective Date.  Class Counsel will distribute
payments to the Class Members who timely submit settlement claim forms that
are approved by Class Counsel within thirty (30) days of Waste Management
making the required payment under Section 5(a).  All claim checks shall remain
valid for one hundred-twenty (120) days, after which they shall become null and

void.  Any replacement checks that may be issued shall remain valid for only the original 120-day period.

f.   If the settlement fails to become Final for any reason, then the Settlement Fund, including all accrued interest or earnings, shall be returned within fourteen (14) days to Waste Management.

g.   Class Counsel shall conduct all required and necessary work for Administration of Settlement and all costs and expenses for the Notice and the Administration of Settlement shall be paid by Class Counsel.  Waste Management shall have no part in, responsibility, or liability for the Administration of Settlement and, therefore, are hereby released from any claim related to it.  To the extent Class Counsel complies with all Court orders concerning the Administration of Settlement, all Class Counsel are released from any liability in connection with the Administration of Settlement, except for any proven willful misconduct.

6.   Claims, Opt-Outs, and Objections

Class Members seeking to object to or opt out of this Settlement Agreement must notify Class Counsel in strict compliance with the requirements specified in the Notice.  For opt-outs, failure to do so will result in the potential Settlement Class Member remaining part of the Settlement Class and, to the extent the settlement is approved, being bound by the Settlement Agreement.  For objections, failure to do so may result in the Court not considering the objection, and to the extent the settlement is approved by the Court, all such Settlement Class Members failing to object shall be bound by the Settlement Agreement.  All opt-outs and objections must be in writing and postmarked no more than sixty (60) days after the date that notice is mailed to the potential Settlement Class Members.  Within fourteen (14) days of this

deadline, Class Counsel shall circulate copies of such opt-outs and/or objections to counsel for Waste Management.  At least seven (7) days before the Settlement Fairness Hearing, Class Counsel shall file all objections received from or on behalf of Settlement Class Members and file a proposed "Exhibit 1" to the Final Judgment and Order to the Court identifying the potential Settlement Class Members who timely submitted proper opt out requests.

Class Members shall have sixty (60) days from the date Class Notice is mailed to submit a claim form in compliance with the terms specified in the Class Notice and on the Claim Form itself.  Subject to the exercise of reasonable discretion by Class Counsel, Claim Forms shall be approved by Class Counsel if and only if the claimant complies with the requirements set forth in the Class Notice and Claim Form, including the provision of all required documentation of identity and property interest.  Class Counsel may, but is not obligated to, provide additional time for claimants who fail to properly document their claim to remedy the deficiency.  Class Counsel may, but is not obligated to, attempt to verify the deficient claims independently of the proofs submitted.  In the event that multiple Claim Forms are submitted for the same Household, all approved claims for that Household will share in one pro rata share of the Settlement Fund. Moreover, an opt-out will serve to opt-out all members of a Household.  This would mean if one individual of a Household chose to opt-out of the Settlement, other individuals of that Household would be ineligible for any compensation from the Settlement Fund.  If multiple individuals comprise a Household, all such individuals should consult with each other and collectively decide whether to opt out of this Settlement.  Each Household for which an approved claim is submitted shall share equally in the Settlement Fund after the deduction of such costs, attorney fees, and incentive awards as the Court may approve.  Claim Forms that do not meet the requirements set forth in this Settlement Agreement, the Notice, and/or Claim Form instructions

17

shall be rejected.  Where a good faith basis exists, Class Counsel may reject a Class Member's Claim Form for, among other reasons, the following:

    a.  the Settlement Class Member fails to provide adequate support of its claims pursuant to a request of Class Counsel;

    b.  failure to fully complete and/or sign the Claim Form;

    c.  illegible Claim Form;

    d.  the Claim Form is fraudulent;

    e.  the Claim Form is duplicative of another Claim Form;

    f.  the person submitting the Claim Form is not a Settlement Class Member, or is requesting that funds be paid to a person or entity that is not the Class Member for whom the claim is submitted;

    g.  failure to timely submit a Claim Form; and/or

    h.  the Claim Form otherwise does not meet the requirements of this Settlement Agreement, the Class Notice, or the Claim Form Instructions.

7.   <u>Improvement Measures and Stay of New Claims Until After the Termination Date.</u>

    a.  During the thirty-month period following the Effective Date, Waste Management shall expend at least $1 million in the following remedial measures designed to reduce odor emissions from the Landfill:

        i.  Installation and operation of additional landfill gas collection and control devices comprised of vertical and horizontal gas extraction systems,

        ii.  Installation and operation of waste mass dewatering pumps and controls,

iii. Procurement and deployment of synthetic alternate daily cover systems (membrane) that eliminates the need to remove cover daily and design, and

iv. Installation and operation of nearly 1 mile of an additional water- and vapor-based odor control misting system.

b. The Parties recognize that factors beyond anyone's control—including the amount of precipitation, the amount and direction of the wind, and the temperature and level of cloud cover—will affect the emissions of pollutants, contaminants, and odors inherent with landfills in general and this Landfill in particular.  Due to the evolving nature of emissions, the Parties recognize the necessity to provide the Landfill operator with flexibility to react to now-not-known factors that will occur in the future to address the emissions.  Thus, while the Waste Management has committed and is required as part of this settlement to expend the amount of at least $1 million in the thirty-month period following the Effective Date, Waste Management is not required to spend any specific amount of those dollars on any one of the above list of anticipated expenditures.

c. No Settlement Class Member shall be permitted to initiate or maintain any action against the Waste Management Releasees for nuisance, negligence, or any other claim concerning the Landfill between the Effective Date and the Cooling-Off Period Termination Date (including statutory claims).  Any claims that may accrue during that time are not released under this Settlement Agreement, but they may not be asserted until after the Cooling-Off Period

Termination Date. Defendant agrees that the statute of limitations as to any claim accruing during the Cooling-Off Period will be tolled for the first six months of the Cooling-Off Period.  The Parties agree that the effect of this tolling is that there is no statute of limitations bar to any claim accruing during the Cooling-Off Period that is brought within one year of the Cooling-Off Period Termination Date.

8.    Release

Subject to Court approval under Rule 23(e) of the Federal Rules of Civil Procedure, payment, and other consideration paid or provided by Waste Management in accordance with this Settlement Agreement shall constitute the full and final settlement of the Litigation, and upon the Effective Date, Waste Management and other Released Parties shall have no further liability or obligation to any Settlement Class Member under this Settlement Agreement, Named Plaintiff, or Class Counsel except as specifically set forth in this Settlement Agreement or in the Final Judgment and Order.  Upon the Effective Date, each Settlement Class Member and the Named Class Representative, on behalf of themselves and their heirs, executors, administrators, beneficiaries, predecessors, successors, assigns and each of them, and any of their former and present employees, directors, officers, accountants, agents, attorneys, representatives, affiliates, and subsidiaries shall and hereby do forever and fully release and discharge the Waste Management Releasees, as defined in Section 2, and each of them, and any of their former and present employees, directors, officers, accountants, agents, attorneys, insurers, investment bankers, representatives, affiliates, subsidiaries, franchises, and each of their heirs, executors, administrators, beneficiaries, predecessors, successors, assigns and each of them of and from any manner of civil or administrative actions, causes of actions, suits, injunctive relief, obligations,

claims, debts, demands, agreements, promises, liabilities, controversies, costs, expenses, and

attorneys' fees whatsoever, whether in law or in equity and whether based on any federal law,

state law, common law or foreign law right of action or otherwise, foreseen or unforeseen,

matured or unmatured, known or unknown, accrued or not accrued, and no matter how

denominated which the Named Class Representative and Settlement Class Members or any of

them, ever had, now have, or can have, or shall or may hereafter have concerning the High Acres

Landfill & Recycling Center in any way either individually, or as a member of a class, against

the Waste Management Releasees, or any of them, for, based on, by reason of, or arising from or

in any way the conduct alleged in Plaintiff's Complaint, Amended Complaint, Second Amended

Complaint, or Proposed Third Amended Complaint filed in this Action, except for any claims

expressly reserved herein and except that nothing here releases any claim arising out of the

violation of breach of the Settlement Agreement. Anything to the contrary herein

notwithstanding, the release shall not bar claims for medically diagnosed personal injuries, and

shall not bar claims arising from any airborne emissions of pollutants, air contaminants, and

noxious odors occurring after the Effective Date.  Such claims are expressly reserved.

Moreover, on consideration of the amounts paid in Section 5, the remedial measures described in

Section 7, and other good and valuable consideration, Named Plaintiff agrees to dismiss with

prejudice his individual claims that remain pending following District Court approval and all

other claims without prejudice.

9.     <u>Covenant Not to Sue</u>

The Named Class Representative and Class Members, and each of them, on their own

behalf and on behalf of each of their respective heirs, executors, administrators, beneficiaries,

predecessors, successors, assigns, and any of their former and present employees, directors,

officers, accountants, agents, attorneys, representatives, affiliates, and subsidiaries, covenant and agree not to sue or bring or assert  or cause to be brought or asserted  any action, claim, or cause of action, in any jurisdiction, against the Waste Management Releasees either:  (a) asserting any claim released by this Settlement Agreement, or (b) asserting before the Cooling-Off Period Termination Date any claim concerning pollutants, air contaminants, and noxious or  nuisance odors from the Landfill.  Any claim brought in violation of this covenant shall be immediately dismissed by the forum in which it was brought, but no Class Member shall be held in contempt of court for such a violation.  The Named Class Representative and Class Members, and each of them, on their own behalf and on behalf of each of their respective successors and assigns, or any other person or entity acting on their behalf, further covenant and agree not to seek, participate in seeking (in any form or fashion), or join in seeking monetary or other relief inconsistent with this Settlement Agreement, in agency or other proceedings, whether at law, in equity, or by way of administrative hearing, or otherwise, to solicit others to institute (or cause or permit to be instituted) any such actions or proceedings against the Waste Management Releasees relating to the allegations made in the Litigation, except as expressly set forth in this Agreement. Nothing in this Settlement Agreement shall be construed as limiting the rights of Class Members to voice concerns to any federal, state, or local regulatory authority regarding Defendant's landfill. The Named Class Representative and Class Members, and each of them, on their own behalf and on behalf of each of their respective successors and assigns, additionally agree to a thirty-month cooling-off period during which no Class Member may bring any action as explained in Section 7 against the Waste Management Releasees, though claims may accrue during that time.

    10.    Representation by Class Counsel

    Class Counsel hereby warrant and represent that:

    a.   they have produced to Waste Management all of the resident datasheets (in their entirety without redaction) received by the office of Liddle & Dubin, P.C.  from any potential Class Member and informed Waste Management of all the details of any other complaints related to the Landfill received before the date this Settlement Agreement is signed;

    b.   subject to possible exceptions for privilege (for which a privilege log will be provided to counsel for Waste Management in a timely fashion and which can be challenged upon due notice), they will continue to produce any additional resident datasheets that are received thereafter to Waste Management as they are received and inform Waste Management of any additional complaints that are received thereafter as they are received;

    c.   publicly available documents, confirmatory discovery to verify the improvement measures discussed in Section 7, and the resident datasheets form the documentary basis for Class Counsel's investigation of the impacts to the community associated with the existence or operation of the Landfill;

Named Class Representative and Class Counsel hereby warrant and represent that outside of information contained in the above-listed sources: (i) they have no other information that any person has experienced any symptoms, diagnoses, illnesses, medical history or harm that is or could be attributed to the existence or operation of Waste Management; and (ii) outside of the *FAFE* litigation, they have no knowledge of any person who has threatened or planned to assert a claim for personal injury or medical harm related to the existence or operation of Waste Management.

    11.   <u>Contingencies.</u>

23

This Settlement Agreement is expressly contingent upon:

    a.  Class Counsel and the Named Class Representative making the representations set forth in Section 10 of this Settlement Agreement and

    b.  no more than twenty-five (25) Households opting out of the settlement and/or seeking to be excluded pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure.

Should more than twenty-five (25) Households in total file requests to be excluded from the Class pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, Waste Management may withdraw from this Settlement Agreement and have no further obligations under this Settlement Agreement whatsoever.  In the event that Waste Management withdraws from this Settlement Agreement as provided in this Section, the Parties shall return to litigation as though no Settlement Agreement ever existed.

    12.   <u>Remedies for Breach</u>

Upon the material breach of any provision of this Settlement Agreement by a Settlement Class Member, Waste Management shall be entitled to clawback and fully recover all sums paid to that breaching Settlement Class Member.  To the extent allowed under the Federal Rules of Civil Procedure and applicable law, Waste Management shall be entitled to seek recovery of its attorneys' fees and costs incurred in enforcing the Release and Covenant Not to Sue provisions of the Settlement Agreement from the breaching Settlement Class Member.  Upon the material breach by any Party of any provision of this Settlement Agreement, any Party may seek to enforce this Settlement Agreement and may seek injunctive relief and/or specific performance. The Parties expressly agree that any material breach of Section 8 of this Settlement Agreement or of the releases described therein by any Settlement Class Member or Named Class

Representative constitutes immediate and irreparable harm to Waste Management.  Upon the material breach of any provision of this Settlement Agreement by any Settlement Class Member or Named Class Representative, such person shall become liable to Waste Management without Waste Management  needing to prove actual damages for the full amount such person received from the Settlement Funds, in addition and without prejudice to any other damages to which Waste Management may be entitled.

13.    <u>Miscellaneous Provisions</u>

a.   All exhibits attached to this Settlement Agreement are completely incorporated herein and each of which is a necessary part of the settlement.

b.   Waiver by any Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

c.   This Settlement Agreement constitutes the entire agreement among the Parties, and no representations, warranties or inducements other than those set forth herein have been made to any Party concerning this Settlement Agreement.  If finally approved by the Court, this Settlement Agreement supersedes any prior agreement or understanding among the Parties.  No representations, warranties, inducements, promises, or agreements oral or otherwise not embodied or incorporated in this Settlement Agreement have been made concerning or in connection with this Settlement Agreement, or the attached exhibits.  Any and all prior discussions, negotiations, agreements, commitments and understandings relating to this Settlement Agreement are superseded hereby and merged into this Settlement Agreement.

25

d. The terms or provisions of this Settlement Agreement may not be changed, waived, modified, or varied in any manner whatsoever unless in writing duly signed by all Parties; any such signed modification shall be with the consent of the Court  as evidenced by the entry of an order  without further notice to the Class unless the Court requires such additional notice.  Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of its provisions, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Settlement Agreement to be performed by such other Party.

e. Each of the counsel signing this Settlement Agreement on behalf of the Parties represents that he or she has authority from his or her client or clients to execute this Settlement Agreement on their behalf.

f. This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one in the same document, provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts.  Electronic or pdf copies of signatures shall be sufficient for purposes of demonstrating original signatures.

g. This Settlement Agreement shall be binding upon, and inure to the benefit of, successors and assigns of the Parties, once it is approved by the Court and all other conditions have been met.

h.  Notices of breach or termination required by this Settlement Agreement shall be

submitted either by first class mail, overnight delivery, or in person to each

party signing this Settlement Agreement:

    Waste Management
    c/o McGuireWoods LLP
    Gateway Plaza
    800 East Canal Street
    Richmond, VA 23219
    Attn:  Eugene E. ("Matt") Mathews, III
    mmathews@mcguirewoods.com

    Settlement Class
    c/o Liddle & Dubin, P.C.
    975 E. Jefferson Avenue
    Detroit, MI 48207
    Attn:  Steven D. Liddle
    SLiddle@ldclassaction.com

i.  All terms of this Settlement Agreement shall be governed by and interpreted in

accord with the Federal Rules of Civil Procedure and other federal law to the

extent applicable, otherwise the law of the State of New York shall govern

without reference to conflicts of laws, rules or precedent.   This Settlement

Agreement shall be enforced solely in this Court.  The Parties waive any

objection which each such Party may have or hereafter have to the venue of any

such suit, action, or proceeding and irrevocably consents to the jurisdiction of

this Court in any such suit, action, or proceeding and agrees to accept and

acknowledge service of any and all process which may be served in any such

suit, action, or proceeding.

j.  Without affecting the finality of the Final Judgment and Order to be entered

upon this Settlement, the Court shall retain such continuing jurisdiction as is

necessary and appropriate to enforce the settlement, and to administer the

27

performance of the settlement in accord with its terms, including allowing or disallowing applications for attorneys' fees and other payments, determining and supervising distribution procedures related to the Settlement Fund, identifying Class Members and their respective interests, if any, in the Settlement Fund, sending notices to Class Members, reviewing disputes regarding claims submitted, and distributing the Settlement Fund.

k.  Because of the arms-length negotiations described above, all Parties hereto have contributed substantially and materially to the preparation of this Settlement Agreement, which, therefore, may not be construed against the drafter of it or any portion of it.

l.  All personal pronouns used in this Settlement Agreement, whether used in the masculine, feminine, or neutral gender, shall include all other genders, and the singular shall include the plural and vice-versa.

IN WITNESS WHEREOF, the Parties hereto have set their hands and seals as of the day and year first written above.

Dated: _____   Named Plaintiff and the Settlement Class:

_6-26-20_   By: _____
_____   STEVEN D. LIDDLE, ESQ.

_6/26/20_   By: _____
_____   NICHOLAS A. COULSON, ESQ.

_6/26/20_   By: _____
_____   JON SMOLAK, ESQ.

_JUNE 25, 2020_   By: _____
_____   JAMES D'AMICO

28

Dated: _____

Waste Management, LLC

By: _____

Title: _____

6/29/20
_____

By: _Eugene Edward Mathews III_____

EUGENE EDWARD MATHEWS, III, ESQ.

29

**6-26-20**

By: _____
R. TRENT TAYLOR, ESQ.

# Exhibit A



High Acres landfill

Class Boundary Map 3/26/20

Legend
Class Boundary
High Acres Landfill

High Acres Landfill

N

2 mi

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JAMES W. D'AMICO, on behalf of himself and all others similarly situated, | ) ) | Case No. 6:18-cv-06080-EAW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASTE MANAGEMENT OF NEW YORK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] FINAL JUDGMENT AND ORDER**

Pursuant to the Order Preliminarily Approving Settlement, Conditionally Certifying Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Settlement Fairness Hearing, dated _____, 2020 (the "Preliminary Approval Order") and on application for final approval of the proposed Settlement Agreement, this matter came before the Court for the Settlement Fairness Hearing on _____, 2020. *[date must be at least 90 days after the statutory governmental notices are sent]*

The Named Plaintiff, on behalf of himself and the Settlement Class Members, seeks final approval of the Settlement Agreement in its entirety, including an award of attorneys' fees and expenses to Class Counsel, an incentive award to Named Plaintiff, and the allocation of the remaining funds to the Settlement Class Members. Defendant seeks final approval of the Settlement Agreement in terms of only the aggregate consideration offered by it to the Settlement Class as being a fair, reasonable, and adequate resolution of this Litigation and all released claims. In addition to their filings, the parties, through their counsel, attended and participated in the Settlement Fairness Hearing.

Pursuant to the Preliminary Approval Order, notice of the Settlement was given to potential Settlement Class Members, which was adequate and sufficient notice of the proposed Settlement Agreement and the Settlement Fairness Hearing.  Among other things, the notice also advised potential Settlement Class Members of the opportunity to object to the proposed settlement or to opt out of the Settlement Class.  Notice of the proposed settlement was also properly given to the appropriate state and federal agencies pursuant to 28 U.S.C. § 1715.  At the Settlement Fairness Hearing, all objections that were properly and timely made, if any, by or on behalf of any Settlement Class Member were duly considered and are hereby overruled.

The Court, having read and fully considered the terms of the proposed Settlement Agreement and all related submissions, and finding that good cause having been shown:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.      Except as otherwise defined herein, all initial-capitalized terms used in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

2.      The Court has jurisdiction over this Litigation and the parties to the Settlement Agreement, including the Settlement Class Members.

3.      Having considered that a class action settlement should be approved only if it is fair, reasonable, and adequate after comparing the terms of the settlement with the likely rewards of litigation, *see* Rule 23(e)(2); in light of and having considered the relevant authority, and having considered negotiation of, the terms of, and all of the materials submitted concerning the proposed Settlement Agreement; having considered the Named Plaintiff's likelihood of success of the claims in the Complaint at trial and the possibility that Defendant could prevail on one or more of the defenses pleaded in the Answer; having considered the range of the Named Plaintiff's (and the putative class's) possible recovery and the complexity, expense, and duration

2

of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

(i)      the Settlement was entered into in good faith being fairly and honestly negotiated;

(ii)     the outcome of the Litigation is in doubt;

(iii)    it is possible the proposed Settlement Class could receive more if the Litigation were to go through trial, but that it is also quite possible that the proposed Settlement Class could receive less and/or that Defendants could defeat certification;

(iv)    the value of immediate recovery outweighs the possibility of future relief which would likely occur, if at all, only after further protracted litigation and appeals;

(v)     the parties have in good faith determined the Settlement Agreement is in their respective best interests, including both the Named Plaintiff and Class Counsel determining that it is in the best interest of the Settlement Class Members;

(vi)    the aggregate consideration, including both the Settlement Fund to which Defendant shall contribute and the improvement measures that the Defendant will implement within 30 months of the Effective Date, is commensurate with the claims asserted and that will be released as part of the settlement; and

(vii)   the proposed Settlement Agreement's terms fall well within the range of settlement terms that would be considered fair, reasonable, and adequate resolution of the Litigation.

Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement (final signatures dated June 29, 2020), relating to the above-captioned Litigation are hereby finally approved as fair,

reasonable, and adequate as to, and in the best interest of, the Settlement Class and each of the

Settlement Class Members, in light of the factual, legal, practical, and procedural considerations

raised by this Litigation.  The Court further finds that the Settlement Agreement complies with

the applicable requirements under New York and Federal law, the Rules of the Court, any other

applicable law, and due process requirements.

4.    Solely for the purpose of settlement in accordance with the Settlement

Agreement, and pursuant to Rules 23(a) and (b)(3)(A)-(C), this Court hereby finally certifies the

following Settlement Class:

> all owner/occupants, tenants, renters or lessees of residential property within the Class
> Area during the time period of January 26, 2015 through the Effective Date (the "Class
> Period"). "Class Area" shall mean the area within an approximately 2.5 mile radius from
> the center of the Landfill located at 425 Perinton Parkway, Fairport, New York 14450,
> and as specifically delineated in the Class Area Map, attached as Exhibit A to the
> Settlement Agreement.

Excluded from the Settlement Class are all potential Settlement Class Members listed on Exhibit

1, each of whom timely complied with the requirements set forth in the Class Notice to exclude

themselves from and opt out of the Settlement Class and the Settlement Agreement; thus, none of

the individuals identified on Exhibit 1 are bound by this Final Judgment and Order.

5.    The Court appoints Named Plaintiff James D'Amico as representative of the

Settlement Class. Pursuant to Rule 23(g), the Court appoints Steven D. Liddle, Esq., Nicholas A.

Coulson, Esq., and Jan Smolak, Esq. as Class Counsel.

6.    Pursuant to Rule 23(e)(1) and all applicable law, notice was properly given to the

potential Settlement Class Members in accordance with the terms of the Settlement Agreement

and the Preliminary Approval Order.  The Class Notice and the Publication Notice, both of

which the Court approved in the Preliminary Approval Order, are written in plain English, clear,

concise, and readily understandable.  The Class Notice was sent by Class Counsel by mail to

each reasonably identifiable (as noted in the Settlement Agreement) residential address within

the Class Area.  The Publication Notice was published in certain newspapers in the relevant New

York counties.  The Class Notice and other relevant information and documents (*e.g.*, the

Complaint, the Preliminary Approval Order, and the Settlement Agreement with all of its

exhibits) were posted on a generally accessible website identified in both the Class Notice and

the Publication Notice.  The notices provided an address, an e-mail address, a website, and a toll-

free telephone number for the potential Settlement Class Members to contact if they needed or

wanted additional information.  The Court finds that the notification provided for and given to

the Settlement Class (a) constitutes the best notice practicable under the circumstances; (b) was

reasonably calculated to apprise potential Settlement Class Members of the existence of and their

rights related to the Litigation and the terms and conditions of the proposed Settlement

Agreement; (c) constitutes due, adequate, and sufficient notice to all persons entitled to notice;

and (d) is in full compliance with all applicable requirements of New York and Federal law, the

Rules of the Court, any other applicable law and due process requirements. Class Counsel shall

continue to host and maintain the website until six (6) months following the Effective Date, at

which time Class Counsel shall discontinue the website and ensure that all information posted on

it is no longer accessible.

      7.    Pursuant to 28 U.S.C. § 1715, notice was properly given to the appropriate federal

and state agencies, including the United States Attorney General, the Attorney General for the

State of New York, and the New York Department of Environmental Protection. Each such

notice was provided more than ninety (90) days ago, thereby complying with the statutory notice period.

8.    Pursuant to Rule 23(e), having ruled that due and adequate notice was provided to the potential Settlement Class Members and that they were afforded an opportunity to participate in the proceedings and object to the Settlement Agreement or to exclude themselves from the settlement by opting out of the Settlement Class, it is hereby determined that each Settlement Class Member (whether or not the Settlement Class Member objected, submitted a Claim Form, or otherwise participated in the Litigation, the settlement, or the approval process) shall be bound by the terms and provisions of the Settlement Agreement and this Final Judgment and Order, including the releases and covenants not to sue set forth in the Settlement Agreement, which are hereby incorporated by reference and become part of this Final Judgment and Order.  As Defendant was not in control of or did not participate in the effectuation of Notice or the maintenance, allocation, or distribution of the Settlement Fund, Defendant shall not have any liability for those aspects of the settlement, nor shall they affect the validity or binding nature of this Final Judgment and Order or the Settlement Agreement, including, without limitation, the release afforded to the Released Parties.

9.    Pursuant to the terms of the Settlement Agreement, within five (5) business days of the date this Final Judgment and Order becomes Final and non-appealable, Defendant shall fund the Settlement Fund, which shall be held by Class Counsel in trust in a Qualified Settlement Fund ("QSF") account under the Internal Revenue Code.  Specifically, Defendant shall deposit One Million Three Hundred Thousand Dollars ($1,300,000) by check or wire or electronic transfer to Liddle & Dubin, P.C., in a QSF trust account established by Class Counsel.  Upon request from Defendant, Class Counsel shall promptly provide deposit or wire or electronic

6

transfer instructions.  The deposit by Defendant, in combination with the improvement measures, shall fully satisfy each and every obligation of Defendant to the Named Plaintiff, Class Counsel, the Settlement Class, and each Settlement Class Member concerning this Litigation, the Settlement Agreement, and the released claims until the date this Final Judgment and Order becomes Final and non-appealable.  Defendant shall implement the improvement measures as set forth in the Settlement Agreement, which implementation shall be completed within 30 months of the effective date, during which time the Settlement Class Members shall be prohibited from asserting any claims concerning emissions from the Landfill as set forth in the Settlement Agreement, though such claims are not released.

10.     All claims against Defendants are hereby dismissed on the merits and with prejudice.

11.     The Plaintiffs, including the Named Plaintiff and all Settlement Class Members, are barred and permanently enjoined from instituting, maintaining, prosecuting, or continuing to maintain or prosecute against the Released Parties any claim or action in any jurisdiction for which a release or covenant not to sue is being given under the Settlement Agreement in or arising out of or in any way relating to any act, failure to act, omission, representation or misrepresentation, fact, event, transaction, occurrence, or other matters set forth, alleged, or otherwise referenced in the Litigation, including without limitation all claims for violation of federal, state, foreign, common, or other law, any suit or action against any of the Released Parties based upon any claim, demand, action, cause of action, or liability of any nature whatsoever, whether known or unknown that any of them ever had, now have, can have, or shall or may hereafter have, except that nothing herein releases (a) any claim arising out of the violation or breach of the Settlement Agreement; (b) any claim related to emissions occurring

after the Effective Date (pursuant to the terms of Section 7(c) of the Settlement Agreement); or
(c) any claim for medical harm or personal injuries.

12.     This Court hereby retains jurisdiction over all matters relating to the
interpretation, effectuation, and enforcement of the Settlement Agreement.  The Court retains
further jurisdiction to enforce this Final Judgment and Order and the distribution of the
Settlement Fund.  The reservation of jurisdiction by this Court in this matter does not affect in
any way the finality of this Final Judgment and Order.

13.     This Final Judgment and Order, the settlement, and all documents, negotiations,
statements, or proceedings relating to it are not and shall not be construed to be an admission or
concession by any Released Party of any liability or wrongdoing whatsoever, and shall not be
offered as evidence of any such liability or wrongdoing in this or any other proceeding.
Moreover, this Settlement Agreement and all related documents are not and shall not be
construed to be an admission or concession by any Released Party of acquiescence to class
certification in any case other than this case's settlement class for settlement purposes only.
None of this information may be offered or received as evidence or argument against Defendants
of any wrongdoing or to limit their ability to take any position they would otherwise be able to
take in this or any other proceeding absent the settlement or the Litigation.

14.     This Order and Final Judgment, the settlement, and all papers relating thereto are
not and shall not be construed to be an admission or concession by Plaintiffs with regard to the
merits of their claims whatsoever, and shall not be offered as evidence as to the merits in this or
any other proceeding.

15.     There is no just reason for delay in the entry of this Final Judgment and Order as a
final judgment.  Furthermore, there is reason to enter and certify it as a final judgment, including

without limitation that doing so will expedite any appeal, which, in turn, will shorten the time it will take for this Final Judgment and Order either (a) to become Final and non-appealable thereby expediting the distribution of the Settlement Fund to the Settlement Class Members or (b) to be overturned on appeal thereby facilitating a modified settlement or the reconvening of the Litigation. The Court expressly directs the Clerk of the Court to enter this Final Judgment and Order as a final judgment pursuant to Rule 54(b).

16.     In the event that this Final Judgment and Order fails to become Final and non-appealable for any reason, including without limitation that it is reversed on appeal and/or the Settlement Agreement is terminated, then this Final Judgment and Order, the Preliminary Approval Order, and all related orders from this Court shall be automatically rendered null and void and shall be deemed vacated.  In such event, the parties and the putative class members shall be returned to the same litigation position that they were in prior to seeking preliminary approval of the Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Settlement Agreement. This includes the Released Parties' right to oppose class certification on any and all grounds (including but not limited to Rule 23(a) and (b)(3)(A)-(C)).  Class Counsel shall also immediately terminate the website.

The Clerk is directed to enter this Judgment forthwith as the final judgment of this Court. SO ORDERED.


 

_____
The Honorable Elizabeth A. Wolford

Dated: _____

Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JAMES W. D'AMICO, on behalf of himself<br>and all others similarly situated, | ) | Case No. 6:18-cv-06080-EAW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASTE MANAGEMENT OF NEW YORK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT,
CONDITIONALLY CERTIFYING CLASS FOR SETTLEMENT PURPOSES,
APPROVING FORM AND MANNER OF CLASS NOTICE, AND
SETTING DATE FOR SETTLEMENT FAIRNESS HEARING**

Named Plaintiff, on behalf of himself and the proposed Settlement Class, seeks preliminary approval of the Settlement Agreement in its entirety and approval of the notice procedure, including without limitation conditional certification of the proposed Settlement Class, the proposed Class Notice (Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, Exhibit __), the proposed Claim Form (*id*., Exhibit __), the proposed Publication Notice (*id*., Exhibit __), and all of the requirements for potential Class Members to either opt-out or object.

This Court, having reviewed the pleadings in the case and the submissions of the parties with respect to preliminary approval of the proposed Settlement Agreement, and for good cause shown;

IT IS HEREBY ORDERED, this ____ day of _____, 2020, that pursuant to Federal Rule of Civil Procedure 23(e):

1.      This Order incorporates by reference the definitions in the Settlement Agreement (a copy of which is attached to Plaintiff's Unopposed Motion for Preliminary Approval), and all

capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2.      The Settlement Agreement, together with its attached exhibits, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the class action Litigation against Defendant.  The Settlement Agreement was the result of extended good faith, arm's-length negotiations by the parties, including a full day mediation conducted in Rochester, New York, and continued negotiations thereafter.

3.      Pursuant to Rule 23, the Settlement Agreement and the proposed settlement provided for therein are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Litigation, (b) free of collusion to the detriment of putative Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Settlement Fairness Hearing as described below.  Accordingly, the Settlement Agreement and the settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the settlement.

4.      If, for any reason, the Settlement Agreement is not finally approved or does not become effective, this provisional approval Order, including but not limited to the conditional Settlement Class certification, shall be null and void and automatically deemed vacated.  Neither the Settlement Agreement nor anything related to the negotiation, consideration, or approval of it shall be used, referred to, proffered, or admissible for any purpose in this Litigation or any other action or proceeding.  In such event, the parties and the putative Class Members shall be returned to the same litigation position that they were in prior to seeking preliminary approval of the Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they

2

would have been able to had they never negotiated or sought approval of the Settlement, including opposing class certification on any and all grounds (including but not limited to Rule 23(a) and (b)(3)(A)-(C)).  The parties must also promptly schedule a status conference to establish a new scheduling order for the continuation of the Litigation.

5.    Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and (b)(3), this Court hereby conditionally certifies the following class (the "Settlement Class"):

> all owner/occupants, tenants, renters or lessees of residential property within the Class Area during the time period of January 26, 2015 through the Effective Date (the "Class Period"). "Class Area" shall mean the area within an approximately 2.5 mile radius from the center of the Landfill located at 425 Perinton Parkway, Fairport, New York 14450, and as specifically delineated in the Class Area Map, attached as Exhibit A to the Settlement Agreement.

As set forth in the proposed Settlement Agreement, the "Effective Date" as used above means the date on which this Settlement Agreement becomes binding as to all Parties, which is the date on which any order later issued by this Court finally approving a class action settlement becomes a final, non-appealable order or judgment.

6.    The form, content, and procedures of notice to the putative Settlement Class Members as set forth in the Settlement Agreement, including but not limited to the direct mailings, publication, and internet postings, are approved.  The notices to be provided to the putative Settlement Class Members clearly, concisely, and in plain language advise them of, among other things, the nature of the Litigation, the proposed Settlement Agreement, the definition of the Settlement Class, the claims the Settlement Class would release, the

consideration the Settlement Class would receive, Class Counsel's intended application for attorneys' fees and expenses and monetary awards for the Named Plaintiff, putative Settlement Class Members' right to participate individually or through an attorney and object to the Settlement Agreement or any portion of it, putative Settlement Class Members' right to opt out and exclude themselves from the Settlement Agreement, and the binding nature of the Settlement Agreement if it is ultimately approved.  The notices to be provided to the putative Settlement Class Members are the best notice practicable under the circumstances, and constitute due and sufficient notice of the proposed Settlement Agreement and this Order to all persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 and due process.

7.     Within fourteen (14) days of entry of this Order, (a) Class Counsel shall provide notice of the proposed Settlement Agreement and the Settlement Fairness Hearing to all Class Members by mailing to each identified putative Settlement Class Member via first class mail a copy of the Notice of Pendency of Class Action Settlement ("Class Notice"), substantially in the form as that document attached to Plaintiff's Unopposed Motion for Preliminary Approval of Settlement; (b) Class Counsel also shall arrange for the publication of the Publication Notice in substantially the form as that document attached to Plaintiff's Unopposed Motion for Preliminary Approval of Settlement; and (c) Class Counsel shall establish a website interested parties can access to get information about this Litigation and the proposed Settlement Agreement, including but not limited to copies of the Settlement Agreement and other exhibits (which include among other exhibits the Complaint, Class Notice, Claim Form, and the proposed Final Judgment and Order) and a copy of this Preliminary Approval Order.  That website shall remain accessible until the Settlement Agreement is terminated or six (6) months following the Effective Date,

4

whichever is sooner, at which time Class Counsel shall cease hosting the website.  At least seven

(7) days prior to the Settlement Fairness Hearing, Class Counsel shall serve and file a sworn

statement evidencing compliance with the provisions of this Order concerning the mailing of

Class Notice, publishing of the Publication Notice, and hosting of a website.

8.     As set forth the Settlement Agreement, costs and expenses for Administration of

Settlement shall be paid by Class Counsel, to be reimbursed from the Settlement Fund subject to

the Court's approval.  In no event will Defendants be responsible for paying costs and expenses

associated with the Administration of Settlement.

9.     Any putative Settlement Class Member wishing to be excluded from the

Settlement Class shall mail an opt-out request to Class Counsel conforming in all respects to the

terms and provisions of the Class Notice.  Those who timely and properly do so shall neither

participate in the settlement nor release his or her claims, and they forego (a) all of the benefits

he or she might otherwise receive as a result of the settlement and (b) his or her standing to

participate in the Settlement Fairness Hearing or object to the proposed Settlement Agreement or

any portion of it.  Failure to opt out in strict compliance with the time and manner requirements

set forth in the Class Notice shall result in waiver of the right to opt out. All potential Settlement

Class Members who either do not attempt to or fail to properly and timely opt out shall remain

part of the Settlement Class and, to the extent the Settlement Agreement is ultimately approved,

be bound by the settlement.

10.     The Class Notice shall designate Class Counsel as the entity to whom opt-out

requests shall be sent.  Class Counsel shall be responsible for the receipt of all responses from

putative Settlement Class Members and shall preserve all opt-out requests and any and all other

5

written communications from putative Settlement Class Members or any other person in response to the Class Notice until Administration of the Settlement is complete or pursuant to further Order of this Court.  All written communications received from putative Settlement Class Members and all written responses to inquiries by them relating to the Settlement Agreement and settlement shall be available at all reasonable times for inspection and copying by counsel for Defendants, subject to further Order of the Court if issues of privilege or confidentiality arise.

11.    Within fourteen (14) days of the deadline for potential Settlement Class Members to opt out, Class Counsel shall provide copies of any and all opt-out notices received by it to counsel for Defendants.  At least seven (7) days prior to the Settlement Fairness Hearing, Class Counsel shall file with the Court a sworn statement listing all persons who properly have submitted timely requests for exclusion.  The originals of all opt-out notices shall be retained by Class Counsel.

12.    Any potential Settlement Class Member who does not attempt to or fails to properly and timely opt out of the Settlement Class may, but is not required to, enter an appearance either *pro se* or through counsel of said Settlement Class Member's own choosing and expense.  Any Settlement Class Member who does not enter a separate appearance shall be represented by Class Counsel.  Settlement Class Members who are in favor of the proposed Settlement need not appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

13.    Absent further order from the Court, any Settlement Class Member who will challenge or object to the fairness, reasonableness, or adequacy of the Settlement Agreement or any portion of the settlement, including without limitation the amount of Class Counsel's

6

requested fees and expenses or the amount of Named Plaintiff's incentive award must remain part of the Settlement Class and must mail such Settlement Class Member's written objection to Class Counsel conforming in all respects to the terms and provisions of the Class Notice.  Within fourteen (14) days of the objection deadline, Class Counsel shall circulate copies of any and all such objections to Defendants' counsel.  Within seven (7) days of the Settlement Fairness Hearing, Class Counsel shall file all objections received with the Court.  Any objecting Settlement Class Member may appear at the Settlement Fairness Hearing in person, with or without such Class Member's separate counsel.  The scope of any objector's presentation of evidence or argument at the Settlement Fairness Hearing shall be limited to such objector's written objection.  Any Settlement Class Member who fails to file and serve an objection in strict compliance with the deadlines and procedures, and containing the information required by the Class Notice shall be deemed to have forever waived and forfeited the right to object to the proposed Settlement Agreement or any part of the settlement or to raise or pursue an objection at the Settlement Fairness Hearing or at any point thereafter, including in appeal or as part of a separate proceeding.

14.     Within ten days of this the filing of the Motion for Preliminary Approval, Defendant's counsel shall send notice to the United States Attorney General, the Attorney General for the State of New York, and the New York Department of Environmental Protection. Each such notice shall contain all of the information required under 28 U.S.C. § 1715. At least

seven (7) days prior to the Settlement Fairness Hearing, Defendant's counsel shall file a report with the Court confirming that these notices were timely sent.

15.     All other events contemplated under the Settlement Agreement to occur after this Order and before the Settlement Fairness Hearing described in this Order shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

16.     All memoranda, affidavits, declarations, and other evidence in support of the request for approval of the Settlement Agreement and Class Counsel's request for approval of attorneys' fees and costs and the Named Plaintiffs' awards shall be filed on or before

_____.

17.     A Settlement Fairness Hearing shall be held before the undersigned at

_____ on_____, *[date must be at least 90 days after the notices to the government entities]* in the United States District Court for the Western District of New York, Rochester Division, 100 State Street, Rochester, New York 14614, to consider the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, the entry of any final order or judgment in the action, any application for attorneys' fees and costs, payments to the Named Plaintiff, and other related matters. The Settlement Fairness Hearing may be postponed, adjourned, or continued by further Order of this Court without further notice to the putative Settlement Class.

18.     All proceedings in the action other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended until further notice of this Court.  Pending final determination of the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, no putative

Settlement Class Member, other than those who timely and properly have opted out of the Class, may either directly or indirectly prosecute, institute, or commence any individual or class action with respect to the subject matter of this Litigation.

19.     Class Counsel is hereby appointed to coordinate and effectuate the Administration of Settlement.

SO ORDERED.

_____
The Honorable Elizabeth A. Wolford